# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PONCE, | CASE NO. 05cv256 IEG (WMc) |
| Petitioner, | **ORDER:** |
| vs. | **1) REJECTING PETITIONER'S OBJECTIONS (Doc. No. 39);** |
| | **2) ADOPTING REPORT AND RECOMMENDATION (Doc. No. 36); and** |
| CHARLES HARRISON, Warden, | |
| Respondent. | **3) DENYING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 27).** |

Petitioner Ricardo Ponce ("petitioner"), a state prisoner proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 challenging his March, 2000 conviction for forcible rape. (Doc. No. 1.) This matter was referred to United States Magistrate Judge William McCurine pursuant to 28 U.S.C. § 636(b)(1)(B). On August 29, 2007, Magistrate Judge McCurine issued a Report and Recommendation ("Report") recommending the Court deny the petition for writ of habeas corpus. Respondent filed objections to the Report on September 14, 2007.[1] (Doc.

---

[1] Respondent noted an inadvertent typographical error was made on page thirteen of the Report. Upon consideration, the Court agrees the sentence reading "Petitioner's constitutional rights were violated when the trial court permitted the prosecution to present evidence of petitioner's two prior sexual assault convictions under California Evidence Code section 1108" was a statement of petitioner's argument, not the magistrate judge's conclusion. (Report at 13.) That sentence should instead read: "Petitioner argues his constitutional rights were violated when the trial court permitted the prosecution to present evidence of petitioner's two prior sexual assault convictions under California Evidence Code section

1  No. 37.) Petitioner filed objections to the Report on September 28, 2007. (Doc. No. 39.)

2  Following *de novo* review of petitioner's claims, the Court finds Magistrate Judge McCurine's Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts in full Magistrate Judge McCurine's Report; (2) rejects the petitioner's objections; and (3) denies the second amended petition for writ of habeas corpus.

## BACKGROUND

### State Proceedings

The Court hereby incorporates by reference the magistrate judge's accurate recitation of the facts as determined by the California Court of Appeal. (Report at 5-6.) As the magistrate judge correctly noted, the Court presumes state court findings of fact to be correct. 28 U.S.C. § 2254(e)(1). To summarize, petitioner entered the home of his former fiancée, Leidy M., at approximately 4:00 a.m. on October 23, 1995. Leidy permitted petitioner to stay until her mother left the house, but then asked him to leave and reiterated her desire to end their relationship. Petitioner grabbed Leidy by the arms and legs and carried her to the bedroom against her will. He tied her hands behind her back with a sock, held her down, and raped her. In addition to testimony regarding the rape of Leidy M., the jury also heard testimony regarding two prior assaults by petitioner in 1991, the rape of Lupe C. and the attempted rape of Luz A.

On November 22, 1999, the San Diego County District Attorney's Office filed an Amended Information charging petitioner with one count of forcible rape in violation of California Penal Code Section 261(a)(2). The Amended Information also alleged the rape was committed by binding and tying the victim within the meaning of California Penal Code Section 667.61(b)(c)(e)(6), and contained special sentence-enhancing allegations that petitioner qualified as a habitual sexual offender (Cal. Penal Code § 667.71), had previously been in prison from prior sexual offense convictions in 1991 and 1992, and those prior convictions qualified as serious felonies (Cal. Penal Code § 667(a)) under California's Three Strikes Law (Cal. Penal Code § 1170.12). (Lodgment 1 at 7-8.)

---

1108."

On December 6, 2000, the jury found all special allegations were true and found petitioner guilty of rape. (Id. at 213-14.) The state court sentenced petitioner to a prison term of 85 years to life on March 17, 2000. (Id. at 219.) Petitioner appealed, and the California Court of Appeal affirmed his conviction in an unpublished written opinion of September 5, 2003. (Lodgment 3.) The Supreme Court of California denied review on November 14, 2003. (Lodgment 4.)

**Federal Proceedings**

Petitioner, proceeding through counsel, filed his original petition for writ of habeas corpus on February 8, 2005. (Doc. No. 1.) Petitioner claimed (1) he was denied his Fifth, Sixth, and Fourteenth Amendment rights when he was prevented from testifying in his own defense by the trial court's ruling that the prosecution would be permitted to cross examine him about his prior sexual offenses, and (2) the admission of evidence of prior sexual offenses to show his propensity to commit such acts violated his Fourteenth Amendment right to due process of law. Respondent filed an answer on May 11, 2005. On June 29, 2005, Magistrate Judge Leo S. Papas found claim one of the petition had not been exhausted in state court. (Doc. No. 12.) On August 2, 2005, petitioner moved to dismiss the unexhausted claim without prejudice and requested the Court stay proceedings while petitioner returned to state court to exhaust his claim. (Doc. No. 14.) Magistrate Judge Papas granted petitioner's motion for stay and abeyance on August 4, 2005. (Doc. No. 15.)

On August 25, 2005, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, alleging the violation of his federal constitutional rights by the trial court's ruling regarding the scope of cross-examination. (Lodgment 10.) The Supreme Court of California denied review on June 14, 2006. (Lodgment 11.)

Returning to federal court, petitioner filed his first amended petition nunc pro tunc to July 19, 2006 (Doc. No. 21), and his second amended petition nunc pro tunc to November 16, 2006 (Doc. No. 27). Respondents filed an answer on January 31, 2007, which addressed the merits of both claims and asserted claim one had been procedurally defaulted. (Doc. No. 29) Petitioner moved to strike the answer, arguing the affirmative defense of procedural default had been waived. (Doc. No. 31.) The Court denied the motion on March 9, 2007, and granted petitioner an

1  extension of time to file the traverse. (Doc. No. 32.) On April 9, 2007, petitioner filed a traverse.
2  (Doc. No. 33.)

3  **DISCUSSION**

4  **A.   Legal Standard**

5  The magistrate judge set forth the appropriate standard of review with regard to the
6  petition. (Report at 4-5.) The Court can grant a petition under Section 2254 only if the California
7  courts decided petitioner's case in a manner that was either "contrary to, or involved an
8  unreasonable application of, clearly established Federal law, as determined by the Supreme Court
9  of the United States," or "based on an unreasonable determination of the facts in light of the
10 evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529
11 U.S. 362, 403, 412-13 (2000).

12 Because petitioner has objected to the Report in its entirety, the Court reviews the Report
13 de novo. 28 U.S.C. § 636(b)(1)(C); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

14 **B.   Claim One – Cross-examination about prior rape offenses**

15 Petitioner claims his rights to a fair trial and to testify in his own defense were violated
16 when the trial court ruled petitioner could be asked about his prior rape offenses on cross-
17 examination if he testified. Respondent asserts (1) this claim was procedurally defaulted and (2)
18 the Constitution permits cross-examination of a testifying defendant as to his credibility and other
19 matters relevant to his testimony on direct examination. The magistrate judge concluded claim
20 one was procedurally defaulted because it was denied by the California Supreme Court on an
21 adequate and independent state ground. The magistrate judge also concluded the claim fails on the
22 merits. Petitioner objects to the magistrate judge's recommendations as to both procedural default
23 and the merits.

24  **1.   Procedural Default**

25 Claim one was presented to the California Supreme Court in a petition for writ of habeas
26 corpus filed August 23, 2005. (Lodgment 10.) The California Supreme Court denied the petition
27 on June 14, 2006, citing In re Robbins, 8 Cal. 4th 770, 780 (1998) and In re Dixon, 41 Cal. 2d 756
28 (1953). (Lodgment 11.) Under the Dixon rule, as clarified by Robbins, the California state courts

1  will not review the merits of a claim in a habeas proceeding if the claim could have been raised,
2  but was not, in a timely appeal.  See Park v. California, 202 F.3d 1146, 1151-53 (9th Cir. 2000)
3  (explaining Dixon rule).  Petitioner asserts the Dixon rule does not bar the Court's consideration of
4  his federal constitutional claim because the rule was inconsistently applied at the time of his
5  appeal.  Petitioner has the burden of "asserting specific factual allegations that demonstrate the
6  inadequacy of the state procedure, including citation to authority demonstrating inconsistent
7  application of the rule."  Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003).  The magistrate
8  judge correctly found petitioner had not met this burden.  However, in his objections to the Report,
9  petitioner cites multiple cases not presented to the magistrate judge.  (Objections at 2.)
10       If the procedural bar is a complex issue, a court can instead "reach the merits of habeas
11  petitions if they are, on their face . . . clearly not meritorious despite an asserted procedural bar."
12  Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002); see also Clark v. Ricketts, 958 F.2d 851,
13  857 (9th Cir. 1991) (resolving claim on merits rather than procedural default).  In this case, the
14  Court need not reach the difficult procedural default question, because the claim is clearly not
15  meritorious.

16       **2.    Merits**

17       Petitioner asserts a constitutional right to testify in his own defense without being cross-
18  examined as to his prior sexual offenses, citing Rock v. Arkansas, 483 U.S. 44, 52 (1987) and
19  Brown v. United States, 356 U.S. 148, 154 (1958).  Respondent argues the right to testify is not
20  violated if a criminal defendant is cross-examined regarding his credibility or other relevant
21  subjects discussed on direct examination.

22       The magistrate judge identified the appropriate standard of review.  Because the California
23  Supreme Court denied the petition on procedural grounds and the issue was never presented to the
24  California Court of Appeal, this Court must "determine whether, in light of an independent review
25  of the record and the relevant federal law, the state court's resolution of a petitioner's claim was
26  'contrary to, or involved an unreasonable application of, clearly established Federal law, as
27  determined by the Supreme Court of the United States.'"  Delgado v. Lewis, 181 F.3d 1087, 1091
28  (9th Cir. 1999) (remanded on other grounds by 528 U.S. 1133 (2000)); see also Himes v.

1  Thompson, 336 F.3d 848, 853 (9th Cir. 2003) (citing Delgado).  The magistrate judge concluded
2  petitioner's claim is meritless because the right to testify does not permit a defendant to testify
3  only to information favorable to his defense without subjecting himself to cross-examination
4  which might tend to incriminate him.
5        Under clearly-established federal law, "[w]hen a defendant takes the stand, 'his credibility
6  may be impeached and his testimony assailed like that of any other witness.'"  Brown, 356 U.S. at
7  154; see also Williams v. Borg, 139 F.3d 737, 740 (9th Cir. 1998) ("The Constitution does not
8  give a defendant a right to testify without subjecting himself to cross-examination which might
9  tend to incriminate him.")  The interests served by state evidentiary rules must "justify the
10 limitation imposed on the defendant's constitutional right to testify."  Rock v. Arkansas, 483 U.S.
11 44, 56 (1987).
12       The magistrate judge correctly concluded the trial court's ruling did not violate petitioner's
13 right to testify in his own defense.  The trial court's decision was made upon careful consideration
14 of the relevance and prejudicial value of such questioning.  (Lodgment 6 at 478.)  Petitioner does
15 not object to the magistrate judge's analysis in this regard, which the Court hereby adopts.
16 Instead, petitioner objects that the trial court's ruling contradicted the Supreme Court's decision in
17 Old Chief v. United States, 519 U.S. 172 (1997), because petitioner offered to stipulate to the two
18 prior offenses to avoid cross-examination.  (Objections at 4.)  In Old Chief, the Supreme Court
19 overturned a conviction in which the trial court allowed the prosecution to present evidence of
20 defendant's prior crime to prove the defendant's felon status although he was willing to stipulate
21 to his prior conviction.  519 U.S. at 191-92.
22       Petitioner's reliance on Old Chief is misplaced.  As the magistrate judge noted, the
23 Supreme Court in Old Chief explicitly limited its holding to stipulations that were probative of
24 legal status.  519 U.S. at 183 n.7; see also United States v. Allen, 341 F.3d 870, 888 (9th Cir.
25 2003) (noting the Supreme Court's explicit limitation of its holding in Old Chief).  Moreover, the
26 issue before the Supreme Court was the trial court's abuse of discretion in applying Rule 403 of
27 the Federal Rules of Evidence.  519 U.S. at 174; Allen, 341 F.3d at 888.  The Court's decision in
28 Old Chief did not interpret the federal Constitution or any federal law which applies to state

1 courts. Thus Old Chief does not affect the constitutional due process analysis or afford an
2 independent basis for habeas relief. 28 U.S.C. § 2254(a).

3 Accordingly, the Court rejects petitioner's objections, adopts the Report, and denies claim
4 one on the merits.

**C.    Claim Two – Admission of Propensity Evidence About Prior Bad Acts**

6 Petitioner claims his due process right to a fair trial was violated when the trial court
7 admitted evidence of petitioner's prior sexual assaults. Specifically, petitioner argues California
8 Evidence Code Section 1108, which allows sexual offense propensity evidence in sexual offense
9 prosecutions, is unconstitutional. Section 1108 carves out an exception, in sexual offense cases, to
10 the general rule in California which does not allow evidence of a defendant's character "when
11 offered to prove his or her conduct on a specified occasion." Cal. Evidence Code § 1101.[2]
12 Petitioner further contends the trial court should have accepted petitioner's stipulation that he
13 committed those crimes rather than allow the prosecution to present testimony regarding those
14 crimes. Respondent argues Section 1108 is constitutional, and the propensity evidence was
15 relevant and properly presented through testimony rather than through a stipulation.

16 The magistrate judge accurately identified the standard of review. Where, as here, the
17 California Supreme Court summarily denied petitioner's request for review, the Court analyzes the
18 California Court of Appeal's opinion as the "last reasoned decision" on the merits of petitioner's
19 case. Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Medina v. Hornung, 386 F.3d 872, 877
20 (9th Cir. 2004).

21 The magistrate judge concluded Section 1108 does not violate clearly-established federal
22 law because the Supreme Court has left open the question of whether a state law permitting the use
23 of "prior crimes" evidence to show propensity would violate due process. Estelle v. McGuire, 502

---

[2]Under Section 1108, "[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." Cal. Evidence Code § 1108. Evidence of the defendant's character is generally inadmissible "when offered to prove his or her conduct on a specified occasion." Id. § 1101. Section 352 gives a court discretion to exclude evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Id. § 352. In conjunction, these sections allow relevant evidence of propensity to commit sexual offenses when the evidence's probative value is not substantially outweighed by the danger of undue prejudice.

U.S. 62, 75 n.5 (1991). The Court agrees petitioner's claim fails because where the Supreme Court has explicitly declined to rule on a constitutional issue, the law cannot be "clearly established" and thus habeas relief is unavailable. Alberni v. McDaniel, 458 F.3d 860, 866-67 (9th Cir. 2006) ("We cannot conclude that the Nevada Supreme Court acted in an objectively unreasonable manner in concluding that the propensity evidence introduced against Mr. Alberni did not violate due process, given that Estelle expressly left this issue an 'open question.' The right Mr. Alberni asserts has not been clearly established by the Supreme Court, as required by [Section 2254].").[3]

Petitioner also argues his right to due process was not violated merely by the admission of propensity evidence, but by the admission of testimony regarding the assaults. Under clearly-established federal law, admission of evidence violates due process if "the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair." Walters v. Maass, 45 F.3d 1355 (9th Cir. 1995). The trial court's decision was not arbitrary. The court considered the admission of the propensity evidence at length, as reflected in thirty-seven pages of transcript. (Lodgment 6 at 34-70.) The court carefully weighed probative value and undue prejudice, concluding evidence of two prior sexual offenses should be admitted under Sections 1108, and excluded evidence of a third under Section 352. (Id. at 66-67.) Contrary to petitioner's assertion that the state court "gave no consideration to petitioner's offer to stipulate" to committing the prior offenses (Objections at 4), the record reflects the court carefully considered whether a stipulation would be adequate. (Lodgment 6 at 69.) The trial court reasonably concluded evidence of two prior sexual assaults was relevant to defendant's propensity to commit rape.

Moreover, petitioner's trial was not made fundamentally unfair by the jury's consideration

---

[3] In several unpublished opinions, the Ninth Circuit has affirmed denials of habeas claims on this ground. Hildebrand v. Speirs, 196 F. App'x 574, 575 (9th Cir. 2006) (finding state court ruling upholding Section 1108 was not an unreasonable application of clearly established Supreme Court authority because Court declined to rule on the question in Estelle); Cook v. California, 193 F. App'x 672, 674 (9th Cir. 2006) (citing Estelle and concluding petitioner's due process rights were not violated by admission of propensity evidence under section 1108); Torres v. Runnels, 137 F. App'x 96, 97 (2005) ("Because there is no United States Supreme Court precedent holding that admission of evidence of prior sexual misconduct to show propensity violates due process, the state court's determination in this case cannot be contrary to or an unreasonable application of clearly established federal law.").

of his propensity to commit sexually violent offenses. "Only if there are *no* permissible inferences the jury may draw from the evidence can its admission violate due process." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991). As the magistrate judge correctly concluded, propensity is a permissible inference in both California and the Ninth Circuit. People v. Falsetta, 21 Cal. 4th 903 (1999); United States v. LeMay, 260 F.3d 1018 (9th Cir. 2001). The jury was properly instructed the evidence of the prior assaults could only be considered to infer propensity. (Lodgment 1 at 77; Lodgment 6 at 521-22). The trial court's decision to admit the testimony thus did not violate due process.[4]

Accordingly, the Court rejects petitioner's objections, adopts the Report, and denies claim two on the merits.

**CONCLUSION**

For the reasons set forth above, the Court hereby: (1) adopts in full Magistrate Judge McCurine's Report; (2) rejects the petitioner's objections, and (3) denies petitioner's second amended petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

DATED: January 8, 2008

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court

---

[4] Petitioner also argues the trial court was required to accept his stipulation to the offenses rather than admit the propensity testimony under Old Chief v. United States, 519 U.S. 172 (1997). As discussed with regard to claim one, cases interpreting the Federal Rules of Evidence do not bind state trial courts.